**Lucille J. LEONARD, Petitioner,**

v.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES,**
**Respondent.**

**No. 03–3181.**

United States Court of Appeals,
Federal Circuit.

DECIDED: Aug. 8, 2003.

Before LOURIE, RADER, and BRYSON, Circuit Judges.

DECISION

PER CURIAM.

Lucille J. Leonard petitions for review of the decision of an arbitrator that denied her grievance with respect to the rescission of her promotion within the Department of Health and Human Services. We *affirm.*

BACKGROUND

Ms. Leonard was employed as a Health Technician, GS–6, with the Phoenix Indian Medical Center, an agency within the Department of Health and Human Services ("HHS"). She applied for a position as a Supply Technician after HHS posted a vacancy announcement for openings in that position. Angelita Murphy, a personnel specialist, informed Ms. Leonard that she had been promoted to the Supply Technician position at a GS–7 Step 6 level, effective January 14, 2001. Approximately two weeks later, however, Human Resources Director Geraldine Fox informed Ms. Leonard that her promotion had been rescinded because the document that was

used by the official selecting the candidates was not consistent with the Qualifications Standards Handbook of the Office of Personnel Management. Ms. Fox directed Ms. Leonard to report back to her original position. On March 5, 2001, Ms. Fox approved two SF–50 forms–one for Ms. Leonard's promotion to Supply Technician and a second for the "position change" back to Health Technician "due to management decision to rescind [the] recruitment file." Those are the only SF–50 forms in the record.

Ms. Leonard, along with two other employees whose promotions were also rescinded, filed a grievance. Ms. Fox rejected the grievance on the ground that it involved non-selection and was therefore outside the scope of the grievance procedures. The employees then appealed to the Associate Director for Administration and Fiscal Services, Bea Bowman. Ms. Bowman upheld the rejection of the grievance on the ground that the grievance "is not applicable under the negotiated grievance procedure and the actions taken remain a management right." Ms. Leonard then invoked the next step of the grievance procedure. When Ms. Leonard and HHS were unable to resolve the grievance, it proceeded to arbitration.

After a hearing, the arbitrator found that Ms. Leonard did not have the required qualifications for the Supply Technician position. He held that her appointment would violate 5 C.F.R. § 335.103(b)(3) and the qualification requirements for the announcement. The arbitrator also found that Ms. Murphy did not have appropriate appointing authority, and that the individual with that appointing authority, Ms. Bowman, had not approved or ratified Ms. Leonard's appointment. Taking into account the SF–50 forms, the arbitrator found no "intent by any cognizant and accountable manage-ment official at [the Phoenix Indian Medical Center] to promote the Grievant" and that "as soon as the error was discovered, immediate steps were taken to move her out of the Supply Department and back to the job she left." The arbitrator thus concluded that Ms. Leonard had not been validly appointed to the Supply Technician position, and therefore that HHS was not required to follow adverse personnel action procedures to correct the administrative error.

## DISCUSSION

We review an arbitrator's decision under the same standard of review that applies to decisions of the Merit Systems Protection Board. 5 U.S.C. § 7121(f); *see Dunn v. Dep't of Veterans Affairs*, 98 F.3d 1308, 1311 (Fed.Cir.1996). That standard requires us to uphold the arbitrator's decision unless we find it to be an abuse of discretion, not in accordance with law, or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *see Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed.Cir.1998).

Ms. Leonard contends that HHS demoted her when it ordered her to return to her original position and that the agency was therefore required to follow the procedures for an adverse action prescribed in 5 U.S.C. § 7513. The government contends that Ms. Leonard was not qualified for the GS–7 Supply Technician position because the notice required one year of specialized experience in the next lower grade, and Ms. Leonard had never performed the duties of a Supply Technician at the GS–6 level. In addition, the government argues that Ms. Murphy lacked the authority to appoint Ms. Leonard to the Supply Technician position. As such, the government contends that Ms. Leonard's appointment was an administrative error and that, because she was never validly promoted, the

agency need not treat the rescission of her promotion as a reduction in grade or pay.

We have held that "[t]he essential prerequisites [for an appointment to the civil service] are an authorized appointing officer who takes an action that reveals his awareness he is making an appointment in the United Sates civil service, and action by the appointee denoting acceptance." *Watts v. Office of Pers. Mgmt.,* 814 F.2d 1576 (Fed.Cir.1987); *see also Bevans v. Office of Pers. Mgmt.,* 900 F.2d 1558, 1563 (Fed.Cir.1990); *Horner v. Acosta,* 803 F.2d 687, 692 (Fed.Cir.1986). Ms. Leonard did not experience a reduction in grade or pay if she was not validly appointed to the higher grade in the first place. *See, e.g., Barrett v. Soc. Sec. Admin.,* 309 F.3d 781, 787 (Fed.Cir.2002) (upholding the Board's lack of jurisdiction over the appeal of a demotion from a position when the individual purportedly appointing the employee to the position did not have the authority to do so); *White v. Dep't of the Air Force,* 32 M.S.P.R. 590 (1987), *aff'd,* 835 F.2d 871 (Fed.Cir.1987) (Table) (holding that an inadvertent increase in pay/grade that was never approved or ratified by the authorized agency official was not a valid promotion, and the correction of that action was therefore not an adverse personnel action that could be appealed to the Board); *Clark v. Dep't of the Interior,* 68 M.S.P.R. 453 (1995) ("Where the appellant's promotion to a higher grade was never effected, ... no appealable reduction in grade occurs.... For a promotion or appointment to take effect, an authorized appointing officer must take an action that reveals his awareness that he is making a promotion or appointment in the United States civil service.").

█ The arbitrator's finding that Ms. Murphy did not have appointing authority for Ms. Leonard's promotion was supported by substantial evidence. He relied on the sworn testimony of Ms. Bowman and Ms. Fox to find that Ms. Murphy did not have the authority to appoint Ms. Leonard to the Supply Technician position, that Ms. Bowman was the appropriate appointing authority, that Ms. Bowman did not designate another individual to appoint in her absence, and that Ms. Bowman did not approve or ratify Ms. Leonard's appointment. According to the arbitrator, Ms. Bowman testified that it is the consistent practice at the Center that no selection may be finalized until she approves it. The arbitrator deemed Ms. Bowman's and Ms. Fox's testimony unrefuted, and Ms. Leonard has not directed us to any contrary evidence in the record.

In the course of the proceedings in this court, Ms. Leonard submitted to us a letter that she composed along with statements by the individuals who interviewed her for the Supply Technician position. The government has moved to strike that evidence on the ground that it was not presented to the arbitrator and is not part of the record. We grant the government's motion because our review of the arbitrator's decision is limited to the evidence that was presented to the arbitrator. *See Mueller v. United States Postal Serv.,* 76 F.3d 1198, 1201–02 (Fed.Cir.1996) ("we are limited to reviewing decisions of the Board based on the record before the deciding official"). Based on the record, we conclude that substantial evidence supports the arbitrator's finding that a qualified authority did not appoint Ms. Leonard to the Supply Technician position.

In her brief to the arbitrator, which was incorporated by reference in her submissions to this court, Ms. Leonard noted that the signatures on the SF–50 forms indicate that she was reduced in grade and pay to her original position by the same authorized appointing official who signed her

SF–50 for her promotion. The arbitrator correctly found that the SF–50 forms were not completed until after the agency rescinded her promotion. We do not believe that the two forms, completed on the same day in March 2001, show that an authorized authority appointed Ms. Leonard to the Supply Technician position. Rather, they appear simply to reflect the correction of the administrative error previously committed.

■ Because Ms. Leonard was not validly promoted by a qualified appointing authority, the agency was not required to apply adverse action procedures to the rescission of her promotion. We therefore need not review the arbitrator's finding that she was not qualified for the position.