**Sharon M. BARRETT, Petitioner,**

v.

**SOCIAL SECURITY ADMINISTRATION, Respondent.**

**No. 02–3081.**

United States Court of Appeals,
Federal Circuit.

DECIDED: Oct. 28, 2002.

Kevin H. Graham, Shumaker, Loop, of Tampa, FL, argued for petitioner. On the brief was Sharon M. Barrett, pro se.

Patrick J. Mercurio, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for respondent. With him on the brief were Robert D. McCallum, Jr., Assistant Attorney General; David M. Cohen, Director; and Deborah A. Bynum, Assistant Director.

Before LOURIE, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PROST, Circuit Judge.

PROST, Circuit Judge.

Sharon M. Barrett petitions for review of the March 18, 2001, final decision of the Merit Systems Protection Board ("Board") dismissing her appeal for lack of subject matter jurisdiction. *Barrett v. Soc. Sec.*

*Admin.*, Docket No. AT–0752–00–0924–I–1, slip op. at 1 (M.S.P.B. Mar.18, 2001) ("*Barrett* "). For the reasons set forth below, we affirm.

## I.

Ms. Barrett began her federal employment in a career conditional appointment with the Social Security Administration ("SSA") on May 7, 1978. *Id.* at 2. On May 7, 1981, she was converted to permanent tenure status. *Id.* Ms. Barrett remained in this position until September 27, 1998, when she was appointed Attorney Advisor in the SSA's Office of Hearings and Appeals ("OHA") in Tampa, Florida. *Id.* Because the Attorney Advisor position was an excepted position, not to exceed September 26, 2000, Ms. Barrett's tenure status was changed from "permanent" to "indefinite" at this time. *Id.* Her term appointment was subsequently extended with a new "not-to-exceed" date of September 30, 2002. *Id.*

Pursuant to two vacancy announcements, Ms. Barrett applied for the position of Hearing Office Director ("HOD") in the SSA's Tampa office, Region IV (Atlanta), on June 30, 2000. *Id.* at 2–3. Significantly, both announcements explicitly limited consideration for the HOD position to "current *permanent* SSA employee's [sic] regionwide" and certain other employees not relevant here. *Id.* (emphasis added). As stated above, Ms. Barrett was not a permanent employee at the time she applied for the position. After applying for the job, Ms. Barrett wrote to Judge Catherine Ravinski, Administrative Law Judge for the Social Security Administration, to ask whether she was eligible to do so. *Id.* Judge Ravinski referred Ms. Barrett's inquiry to an agency personnel specialist, Mr. Lew Kaiser, who informed Ms. Barrett that she was not eligible. *Id.* Mr. Kaiser also told Ms. Barrett that for more

information about her specific situation, she could contact the relevant servicing personnel office. *Id.* Ms. Barrett does not contend that she did so. *Id.* In addition to receiving Mr. Kaiser's response, Ms. Barrett was also contacted by the Acting Manager of the OHA's Office of Management, Ms. Patricia Carey. *Id.* Having received a courtesy copy of Judge Ravinski's referral to Mr. Kaiser, Ms. Carey provided Ms. Barrett with her unsolicited opinion that, although Ms. Barrett lacked the permanent status required by the vacancy announcements, her prior career status entitled her to apply for the HOD position. *Id.*

Before the Administrative Judge ("AJ"), Ms. Barrett testified that on August 18, 2000, Judge Ollie Garmon, the Acting Regional Office Chief Administrative Law Judge ("CALJ") for Region IV, selected her for the HOD position. *Id.* at 3 n. 2. The AJ found, however, that "as early as August 18 when Judge Garmon notified the appellant of her selection for the position, he specifically questioned whether she was eligible for the position based on her current temporary status." *Id.* at 6. The AJ further found that Ms. Barrett assured Judge Garmon that Regional Office Personnel Specialists had previously confirmed her eligibility. *Id.* Ms. Barrett subsequently conceded that it was Patricia Carey, who did not work in the Office of Personnel, who so advised her. *Id.* at 6–7. Ms. Barrett assumed the duties of the HOD position that same day. *Id.* at 4. As the AJ found, however, no official documentation such as an SF–50 was prepared to confirm that Ms. Barrett had actually been appointed to the HOD job. *Id.* at 7. Six days later, on August 24, 2000, Judge Garmon advised Ms. Barrett that the SSA was withdrawing her promotion to the HOD position because she was a current temporary employee and therefore not eli-

gible to compete for the job. *Id.* at 4. The SSA's withdrawal of Ms. Barrett's promotion became effective immediately. *Id.*

Ms. Barrett appealed the SSA's withdrawal to the Board. *Id.* at 1. According to Ms. Barrett, Judge Garmon had appointed her to the HOD position and the SSA's subsequent action constituted a demotion without required procedures in violation of her right to due process. *Id.* at 4. The SSA moved to dismiss Ms. Barrett's appeal for lack of jurisdiction. According to the SSA, Ms. Barrett had never been appointed to the HOD job and she therefore did not qualify as an "employee" entitled to the rights of the position, including the right to appeal her alleged demotion to the Board. *Id.* The SSA also moved to stay all discovery proceedings pending a ruling on its motion to dismiss, and Ms. Barrett, who was proceeding *pro se* at this stage of her appeal, agreed.

The AJ granted the SSA's motion to dismiss, finding that Ms. Barrett was not an "employee" because she had not been appointed to the HOD position and that it consequently lacked jurisdiction to hear her appeal. *Id.* The AJ based its analysis on 5 U.S.C. § 2105(a). Section 2105(a) states that "except as otherwise provided by this section or when specifically modified," an "employee" for purposes of Title 5 must be *"appointed* in the civil service" by, *inter alia,* another employee "acting in an official capacity." 5 U.S.C. § 2105(a)(1) (2000) (emphasis added).[1] In *Horner v.*

*Acosta,* this court held that a valid appointment under § 2105(a) requires "definite, unconditional action by an *authorized* federal official." 803 F.2d 687, 693 (Fed.Cir. 1986) (emphasis added). Relying on *Horner,* the AJ found that Ms. Barrett had failed to prove that Judge Garmon, the person who had allegedly appointed her to the HOD position, was authorized to make such an appointment. *See Barrett,* slip op. at 6–7. Specifically, the AJ found that Ms. Barrett had produced no documentary evidence that the SSA had redelegated the relevant appointment authority to individuals in Judge Garmon's position, namely that of Regional Office CALJ. *See id.* at 6. Instead, the AJ found that the "Referral of Eligibles" sheet ("Referral Sheet"), which listed Ms. Barrett and six other candidates for the HOD position, showed that the SSA had *not* redelegated appointment authority in this fashion. *Id.* at 7. The Referral Sheet stated that "MANAGERS MAY ARRANGE ONLY *TENTATIVE* EFFECTIVE DATES" and further emphasized that *"THE REGIONAL PERSONNEL OFFICE* MUST CONFIRM THE SELECTEE'S ELIGIBILITY BEFORE THE SELECTION IS ANNOUNCED OR THE EMPLOYEE IS ALLOWED TO REPORT." (capitalization in original) (emphases added). According to the AJ, this language demonstrated that the SSA had reserved appointment authority to the regional personnel office. *See id.*

---

1. 5 U.S.C. § 2105(a) states:
   (a) *For purposes of this title, "employee," except as otherwise provided by this section or when specifically modified, means an officer and an individual who is—*
   (1) *appointed in the civil service by one of the following acting in an official capacity—*
   (A) the President;
   (B) a Member or Members of Congress, or the Congress;

   (C) a member of the uniformed service;
   (D) *an individual who is an employee under this section;*
   (E) the head of a Government controlled corporation; or
   (F) an adjutant general designated by the Secretary concerned under section 709(c) of title 32.
   5 U.S.C. § 2105(a)(1) (2000) (emphases added).

Finally, the AJ noted that "it appears that [Ms. Barrett] may have intentionally withheld from Judge Garmon the fact that she had received conflicting advice as to her eligibility," and pointed to the lack of any document, such as an SF–50, suggesting that Ms. Barrett had been appointed. *Id.* Accordingly, the AJ concluded that Ms. Barrett had failed to prove that she had been appointed to the HOD position by someone with the necessary appointment authority and that she therefore did not qualify as an "employee" entitled to appeal her alleged demotion from that position. *Id.* The AJ consequently dismissed Ms. Barrett's appeal for lack of jurisdiction. *Id.* at 9.

On April 23, 2001, Ms. Barrett petitioned the full Board for review of the AJ's initial decision. In her petition, Ms. Barrett also requested limited discovery "to determine the appointing authority of the Regional Chief Judges." The Board denied Ms. Barrett's petition on October 16, 2001, thereby rendering the AJ's initial decision final. Ms. Barrett petitioned this court for review. We have jurisdiction pursuant to 28 U.S.C. § 1295(a).

## II.

### A.

The scope of our review in an appeal from a decision of the Board is limited. We are obligated to affirm the Board's decision unless we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed.Cir. 1998). Whether the Board possesses jurisdiction to adjudicate a case is a question of law, which this court reviews *de novo. Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed.Cir.1995). The Board's jurisdiction is not plenary but is instead limited to those actions made appealable to it by law, rule, or regulation. *Van Wersch v. Dep't of Health & Human Servs.*, 197 F.3d 1144, 1147 (Fed.Cir.1999). When an individual appeals to the Board, he or she bears the burden of proving that the Board has jurisdiction by a preponderance of the evidence. *Monasteri v. Merit Sys. Prot. Bd.*, 232 F.3d 1376, 1378 (Fed.Cir.2000).

### B.

Ms. Barrett asserts that the Board erred when it dismissed her appeal for lack of jurisdiction. Ms. Barrett makes two arguments in support of her claim, which we address in turn. First, Ms. Barrett argues that the Board erred by dismissing her appeal without first allowing her discovery to determine whether Judge Garmon was authorized to appoint her as an employee to the HOD position.[2] Although Ms. Barrett concedes that she agreed to the SSA's motion to stay all discovery proceedings before the AJ pending a ruling on the SSA's motion to dismiss, she states that as a *pro se* petitioner,

---

**2.** We disagree with Ms. Barrett's assertions that "it is undisputed that the individual who *appointed* Appellant to the position of Hearing Office Director was [Judge Garmon]," and that "[t]he Board does not dispute that Appellant's *appointment* was in fact made by Judge Garmon." (emphases added). To the contrary, while the AJ found that Judge Garmon had *selected* Ms. Barrett, it did not find that he had appointed her. *Compare Barrett,* slip op. at 3 n.2 (noting Ms. Barrett's testimony that Judge Garmon had *"selected* the appellant for the position") (emphasis added) with *id.* at 4 (holding that "appellant was not *appointed* to the position") (emphasis added). On appeal, Ms. Barrett does not address the distinction between "selection" and "appointment."

she did not fully understand the consequences of that stay. She further argues that in the absence of discovery, she lacked the means for obtaining documentation regarding the relevant appointment authority.[3] Ms. Barrett consequently urges this court to reverse the Board's final order and remand for limited discovery to determine whether Judge Garmon possessed the necessary appointment authority, a jurisdictional hearing, and further adjudication.

The SSA responds that the Board did not err when it dismissed Ms. Barrett's appeal without first granting her discovery on the question of Judge Garmon's appointment authority because no discovery was necessary to resolve the issue. The SSA asserts that it had previously given Ms. Barrett a copy of its instructions on the delegation of authority ("Instructions") and that these Instructions, which were in force at the time of her alleged appointment and formed part of the record, were the only documentation that the SSA possessed on the matter. According to the SSA, the Instructions demonstrate that the authority to appoint Ms. Barrett to the HOD position had not been redelegated to Judge Garmon, but instead remained with the Regional Personnel Officer. The SSA further argues that the Referral Sheet, which stated that the regional personnel officer was required to confirm the eligibility of all selectees and that managers could only arrange tentative effective dates, further supports its position. As such, the SSA asserts, no question of fact existed as to whether Judge Garmon possessed the authority to appoint Ms. Barrett and the Board properly dismissed her appeal for lack of jurisdiction without granting discovery. As a final matter, the SSA points to the fact that Ms. Barrett agreed to its motion to stay discovery proceedings pending resolution of its motion to dismiss.

■■■ "Procedural matters relative to discovery and evidentiary issues fall within the sound discretion of the board and its officials. This court will not overturn the board on such matters unless an abuse of discretion is clear and harmful." *Curtin v. Office of Pers. Mgmt.*, 846 F.2d 1373, 1379 (Fed.Cir.1988) (internal citations omitted). In order to prevail on her discovery claim, Ms. Barrett bears the burden of demonstrating both that the Board abused its discretion and that the error could have affected the outcome of her case by causing substantial harm or prejudice to her rights. *See id.* We conclude that Ms. Barrett has not done so. As the AJ correctly concluded, the Referral Sheet clearly demonstrates that, at the time in question, the authority to appoint Ms. Barrett to the HOD position had not been redelegated to Regional CALJs, such as Judge Garmon. The Referral Sheet explicitly stated that "managers" were only authorized to arrange "tentative effective dates," and that "the Regional Personnel Office must confirm the selectee's eligibility before the selection is announced or the employee is allowed to report." At most, therefore, Judge Garmon was authorized to schedule a tentative date for Ms. Barrett to assume the HOD position. Although Ms. Barrett began performing certain tasks of the HOD position on the day her selection was announced, we note that she did so without the necessary confirmation from the Regional Personnel Office. Indeed, to the extent that she assumed the

---

**3.** Ms. Barrett also asserts that the Board exceeded its proper role on summary judgment and inappropriately resolved disputed issues of material fact by requiring her to prove that Judge Garmon possessed appointment authority. We note, however, that the Board did not grant summary judgment in the SSA's favor, but rather dismissed Ms. Barrett's appeal for lack of subject matter jurisdiction. *Barrett,* slip op. at 1.

duties of the HOD position, she did so after having received specific notice from a personnel specialist that she was not eligible for the job. *See Barrett*, slip op. at 3.

The SSA's Instructions provide further support for the AJ's conclusion that Judge Garmon was not authorized to appoint Ms. Barrett to the HOD position. These Instructions authorized the redelegation of appointment authority to "appropriate management officials," specifically personnel specialists and "appropriate supervisors/managers." For Region IV, however, the Instructions specified that appointment authority had been redelegated to the "Regional Personnel Officer" and stated that "[f]urther redelegations are not authorized." Any ambiguity on the Instructions' face as to whether they continued to allow redelegation of appointment authority to "supervisors/managers" in Region IV is resolved by the Referral Sheet, which clearly shows that such authority had not been redelegated to managers.

Thus, we conclude that the record supports the AJ's determination that Judge Garmon lacked the authority to appoint Ms. Barrett to the HOD position. We therefore hold that the Board did not abuse its discretion by not granting Ms. Barrett discovery on the issue. Moreover, even if Judge Garmon were authorized to make appointments to the HOD position, Ms. Barrett does not argue that such authority would allow him to appoint individuals who were not eligible for the job. As stated above, Ms. Barrett bore the burden before the Board of proving jurisdiction by a preponderance of the evidence. Here, Ms. Barrett has pointed to no evidence suggesting that valid appointment authority is not limited to the appointment of eligible applicants. Indeed, the Referral Sheet explicitly states that an individual may not report to work until his or her eligibility has been confirmed by the Re-

gional Personnel Office. Finally, we note that Ms. Barrett agreed to the SSA's motion to stay discovery proceedings. Although Ms. Barrett now asserts that, as a *pro se* appellant, she did not fully understand the ramifications of her agreement to stay these proceedings, we observe both that she is a licensed attorney and that the subject of her appeal was her alleged removal from a legal position.

"It is well established that an appointment is necessary for a person to hold a government position and be entitled to its benefits." *Horner v. Acosta*, 803 F.2d 687, 692 (Fed.Cir.1986) (citing *United States v. Testan*, 424 U.S. 392, 402, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976)). Here, Ms. Barrett attempts to exercise the benefits of the HOD position in challenging her alleged demotion from that job. Having failed to demonstrate that she was appointed to the HOD position by someone with the authority to do so, however, she is not entitled to contest the SSA's action before the Board, and the Board consequently lacks jurisdiction to hear her appeal.

### C.

Second, and in the alternative, Ms. Barrett argues that the Board erred by basing its jurisdictional analysis on the definition of "employee" set forth in 5 U.S.C. § 2105(a) rather than that given in 5 U.S.C. § 7511(a). Ms. Barrett asserts that § 7511 applies when an individual already employed by the government suffers a removal or reduction in pay or grade. According to Ms. Barrett, because she was a "regular" civil service employee in the excepted service at the time of her alleged removal from the HOD job, the issue is whether she qualifies as an "employee" under § 7511(a)(1)(C) rather than under § 2105(a). Ms. Barrett argues that she showed by preponderant evidence that she met the definition of an "employee" as set

forth in § 7511(a)(1)(C)(i) and that she is consequently entitled to a hearing before the Board on the merits of her claim.[4] She therefore urges us to reverse the Board's final order and to remand for adjudication on the merits.

 As the SSA correctly responds, however, Ms. Barrett does not meet the requirements of § 7511(a)(1)(C)(i). In *Forest v. Merit Systems Protection Board,* 47 F.3d 409 (Fed.Cir.1995), this court held that "[s]ection 7511(a)(1)(C)(i) covers only excepted service employees serving under an initial appointment pending conversion to the competitive service, provided they are not serving a probationary or trial period under such an appointment." *Id.* at 412 (internal quotation omitted). As Ms. Barrett herself states, she was not serving under an initial appointment pending conversion to competitive service. She consequently does not fulfill the requirements of § 7511(a)(1)(C)(i), and even assuming *ar-*

*guendo* that the Board erred by not considering that statutory section, any such error was harmless and does not require reversal. *See Kewley,* 153 F.3d at 1366.

## CONCLUSION

For the reasons set forth above, we conclude that the Board did not err when it dismissed Ms. Barrett's appeal from her alleged demotion from the HOD position for lack of subject matter jurisdiction. The decision of the Board is therefore

*AFFIRMED.*

No costs.

---

4. Section 7511(a)(1)(C) defines an "employee" as:

> (C) an individual in the excepted service (other than a preference eligible)
> (i) who is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service; or

> (ii) who has completed 2 years of current continuous service in the same or similar positions in an Executive SSA under other than a temporary appointment limited to two years or less.

5 U.S.C. § 7511(a)(1)(C) (2000). Ms. Barrett does not raise any issues with respect to § 7511(a)(1)(C)(ii).