Note:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3311

DEBRA L. RETHABER,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

DEPARTMENT OF VETERANS AFFAIRS,

Intervenor.

Trang Q. Tran, Tran Law Firm, L.L.P., of Houston, Texas, for petitioner.

Calvin M. Morrow, Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent.  With him on the brief were B. Chad Bungard, General Counsel, Rosa M. Koppel, Deputy General Counsel, and Rosalyn L. Wilcots, Acting Associate General Counsel.

Claudia Burke, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for intervenor.  With her on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Assistant Director.

Appealed from: United States Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3311

DEBRA L. RETHABER

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

DEPARTMENT OF VETERANS AFFAIRS,

Intervenor.

_____

DECIDED:  May 15, 2007

_____

Before NEWMAN, LOURIE, and GAJARSA, Circuit Judges.

PER CURIAM.

Debra Rethaber ("Ms. Rethaber") appeals the Merit Systems Protection Board's ("Board") dismissal of her claim for a demotion to a lower pay grade. Rethaber v. Dep't of Veterans Affairs, No. DA-0752-06-0115-I-1 (Apr. 6, 2006).  The Board determined that Ms. Rethaber had not proven that her demotion was involuntary and therefore dismissed her case for lack of jurisdiction.  Id.  We affirm.

BACKGROUND

Ms. Rethaber has been an employee of the Department of Veterans Affairs ("the agency") since December 2002. In March 2005 she was demoted from the position of Rating Veterans Service Representative ("RVSR") to the lower pay grade position of Legal Instruments Examiner ("LIE").

Prior to Ms. Rethaber's demotion she had received numerous written notices regarding deficiencies in her performance as a RVSR. In September 2004 she was placed on a performance assistance plan that lasted for thirty days as a result of her failure to meet the required quality of work. At the end of the performance assistance plan, Ms. Rethaber's supervisor determined that her work did not meet the required standards and placed her on a ninety day performance improvement plan. Ms. Rethaber was notified that if her work still failed to meet the required standards at the end of the performance improvement plan "she would be issued an unacceptable performance rating and be subject to removal from her current position by reassignment, demotion, or removal from employment."

At the end of the performance improvement plan, Ms. Rethaber's supervisor determined that she had failed to meet the required standards and issued her an unacceptable rating. Ms. Rethaber was then issued a notice of proposed removal for unacceptable performance. However, prior to making a final decision on the proposed removal, the agency gave Ms. Rethaber a letter offering her the alternative of transferring to another position. The letter listed two local positions that were available for her, including the LIE position to which she was transferred, as well as five positions

that would require relocation. Each of the positions offered was at a lower pay grade than her GVSR position. The letter included a preprinted response form.

After meeting with her union representative, Ms. Rethaber returned the form to the agency. Although none of the boxes on the form were checked and none of the blanks were filled in, the following statement was typed onto the form:

> Let me make it unquestionably clear that I am electing to accept the agency's offer of a position acceptable under threat of termination . . . .
> The position so elected is:
>     1. Legal Instrument Examiner, GS-0996-09 ($60,642.00 PA).
>     2. Claims Assistant, GS-0998-06 ($44,618.00 PA).

Although Ms. Rethaber refused to sign the form, the line indicating the Claims Assistant position was crossed out. The cross out was initialed by Ms. Rethaber.

The agency determined that Ms. Rethaber had thereby accepted the transfer to the LIE position. It issued a decision notice to Ms. Rethaber stating that although her work as an RVSR was "clearly unacceptable" she would be voluntarily transferred to the LIE position. Ms. Rethaber appealed that transfer to the Board, alleging that the transfer was involuntary. Because the Board found that Ms. Rethaber had voluntarily accepted the transfer, it dismissed the appeal for lack of jurisdiction.

Ms. Rethaber filed an appeal to this court from the Board's decision. This court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

This court must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); Barrett v. Soc. Sec. Admin., 309 F.3d

781, 785 (Fed. Cir. 2002). The Board's determination that it lacked jurisdiction is a question of law that we review de novo. Id. Ms. Rethaber has the burden of proving by a preponderance of the evidence that the Board had jurisdiction to review her appeal. See 5 C.F.R. § 1201.56(a)(2); Garcia v. Dep't of Homeland Sec., 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc).

The Board's jurisdiction is limited by statute. Garcia, 437 F.3d at 1327. It has "jurisdiction to hear appeals over certain enumerated adverse action taken by an agency against an employee." Id.; see also 5 U.S.C. § 7513(d). Reductions in grade and reductions in pay are among the enumerated adverse actions from which an employee can appeal to the Board. 5 U.S.C. § 7512(3), (4); Garcia, 437 F.3d at 1327. Such a reduction must be involuntary in order to be appealable. Garcia, 437 F.3d at 1328. An action that appears voluntary on its face may nonetheless be involuntary if it was obtained through coercion by the agency. Id. at 1329.

Ms. Rethaber argues that the Board has jurisdiction over her demotion because it was not voluntary. In support of her position that the demotion was involuntary, Ms. Rethaber contends (1) that she did not accept the transfer to the lower pay grade position, and (2) that even if she did accept the transfer, she did not do so voluntarily because she was coerced by the agency.

Ms. Rethaber argues that she did not accept the transfer to the LIE position because she did not sign the transfer proposal form and that her initials on the form only indicate that she had rejected one of the proposed options, not that she had accepted the other option. However, Ms. Rethaber returned the transfer proposal form to the agency with a statement that she was "electing to accept the agency's offer of a position

acceptable under treat of termination." The statement also declared that the position elected was either the LIE position or an even lower grade Claims Assistant position. The line listing the Claims Assistant position was crossed out and Ms. Rethaber initialed that cross-out. A choice between two unpleasant options does not make the choice coerced or involuntary. Garcia, 437 F.3d at 1329. We therefore find that the Board properly determined that Ms. Rethaber had accepted the transfer to the LIE position.

Ms. Rethaber also argues that her acceptance of the demotion was involuntary because it was obtained through coercion by the Agency. An employee may show that an adverse action was obtained though coercion by proving that the agency did not have reasonable grounds to propose the adverse action in the first place. Terban v. Dep't of Energy, 216 F.3d 1021, 1026 (Fed. Cir. 2000); Staats v. U.S. Postal Serv., 99 F.3d 1120, 1124 (Fed. Cir. 1996); Schultz v. U.S. Navy, 810 F.2d 1133, 1136 (Fed. Cir. 1987). "If an employee can show that the agency knew that the reason for the threatened removal could not be substantiated, the threatened action by the agency is purely coercive." Schultz, 810 F.2d at 1136.

Here, Ms. Rethaber argues that the agency did not have reasonable grounds to propose her removal because she was never told what was specifically wrong with her rating decisions, as required by 5 U.S.C. § 4303(b)(1)(A)(i). However, prior to Ms. Rethaber's removal she received formal written counseling memoranda, a performance assistance plan, and a performance improvement plan all indicating that the accuracy percentage of her ratings was below the required level. These communications advised Ms. Rethaber of required performance standards. Further, Ms. Rethaber met with her supervisors on numerous occasions to discuss specific

errors with her ratings decisions. Under these circumstances, we find that Ms. Rethaber has not met her burden of proving that the agency knew that the reasons for the threatened removal could not be substantiated.

Ms. Rethaber also argues that she was coerced into accepting the demotion because the agency did not give her time to consider her options. Ms. Rethaber is correct in her statement that forcing an employee to make an immediate decision can be improper and coercive. Schultz, 810 F.2d at 1136 (holding that agency's requirement that resignation be submitted immediately was coercive). However, Ms. Rethaber was not forced to make an immediate decision. She was given until end of the next business day to return her response to the transfer proposal. During the time period between receiving the proposal and returning her decision, Ms. Rethaber was able to meet with her union representative. Under these circumstances, we determine Ms. Rethaber has not met her burden of proving that the agency coerced her into accepting the transfer.

## CONCLUSION

We conclude that the Board properly determined that it lacked jurisdiction over Ms. Rethaber's appeal because she had voluntarily accepted a transfer to a position at a lower pay grade and that her acceptance of that transfer was not coerced by the agency. The decision of the Board is therefore affirmed.

No costs.