NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3211

JAMES L. KOLLER,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

James L. Koller, of Junction City, Kansas, pro se.

Calvin M. Morrow, Acting Associate General Counsel, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were B. Chad Bungard, General Counsel, and Rosa M. Koppel, Deputy General Counsel.

Appealed from: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2007-3211

JAMES L. KOLLER

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: October 3, 2007

_____

Before MAYER and GAJARSA, Circuit Judges, and Restani, Judge.[*]

PER CURIAM.

James L. Koller ("Mr. Koller") appeals the Merit Systems Protection Board's ("Board") dismissal of his appeal of a reassignment to a non-supervisory position. Koller v. Dep't of the Army, No. DE-315I-06-0488-I-1 (Oct. 18, 2006). The Board determined that Mr. Koller was reassigned during his one-year supervisory probationary period and therefore dismissed the case for lack of jurisdiction. Id. We affirm.

BACKGROUND

Mr. Koller is employed by the Department of the Army ("Agency") in Fort Riley, Kansas. On May 16, 2005, Mr. Koller received a career-conditional appointment in the

_____

[*]    Honorable Jane A. Restani, Judge of the United States Court of International Trade, sitting by designation.

competitive service as a Police Officer. The appointment was subject to completion of a one-year probationary period. During the probationary period, Mr. Koller received two promotions. On November 13, 2005, Mr. Koller received a promotion to the non-supervisory position of Lead Police Officer. On January 8, 2006, Mr. Koller received a career-conditional appointment as a Supervisory Police Officer. The appointment to the supervisory position was subject to completion of another one-year probationary period.

In a memorandum dated August 21, 2006, the Agency notified Mr. Koller that he did not demonstrate fully the qualifications for continued employment in the supervisory position beyond the probationary period. The Agency based its decision on Mr. Koller's alleged negligence that resulted in the loss of a handgun that was being held as evidence. On September 2, 2006, the Agency reassigned Mr. Koller to his last previously held position of Lead Police Officer. Mr. Koller suffered a loss in grade and salary as a result of the reassignment.

Mr. Koller appealed the Agency's action to the Board, asserting that: 1) he completed the supervisory probationary period; and 2) he did not act negligently with respect to the handgun. The Board determined that Mr. Koller did not complete the supervisory probationary period and therefore dismissed the case for lack of jurisdiction. In a final order, the Board denied Mr. Koller's petition for review.

Mr. Koller filed an appeal to this court from the Board's decision. This court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. Barrett v. Soc. Sec. Admin., 309 F.3d 781, 785 (Fed. Cir. 2002). We must affirm the

decision of the Board unless it is: 1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; 2) obtained without procedures required by law, rule, or regulation having been followed; or 3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); Barrett, 309 F.3d at 785. The Board's determination that it lacks jurisdiction to adjudicate a particular case, however, is a question of law that we review de novo. Id. The appellant bears the burden of proving that the Board has jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2)(i); Garcia v. Dep't of Homeland Sec., 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc).

The scope of the Board's jurisdiction is defined by 5 U.S.C. § 7701(a), which provides that an employee, or applicant for employment, may submit an appeal to the Board from any action which is appealable to the Board under any law, rule, or regulation. Garcia, 437 F.3d at 1327. Accordingly, the Board's jurisdiction is not plenary but is limited to those areas specifically granted by law, rule, or regulation. Id. For example, the Board has not been granted jurisdiction over the reduction in grade of a supervisor who has not completed a supervisory probationary period if the reduction is to the grade held immediately before becoming a supervisor. See 5 U.S.C. § 7512(C); 5 C.F.R. § 315.908(a).

There are two types of probationary periods in the competitive service. See 5 U.S.C. § 3321. The first type occurs upon initial appointment to a competitive position. See 5 U.S.C. § 3321(a)(1); 5 C.F.R. § 315.801. During initial probationary periods, agencies are free to terminate new hires who fail to demonstrate the qualifications for continued employment beyond the probationary period. 5 C.F.R. § 315.804(a). The second type occurs upon initial appointment to a supervisory or

managerial position. See 5 U.S.C. § 3321(a)(2); 5 C.F.R. § 315.901. During supervisory probationary periods, agencies are not free to terminate first-time supervisors who fail to demonstrate the qualifications for continued employment in a supervisory position beyond the probationary period. See 5 U.S.C. § 3321(b); 5 C.F.R. § 315.907. Instead, agencies must return the first-time supervisors to "a position of no lower grade and pay than the position from which the individual was transferred, assigned, or promoted." 5 U.S.C. § 3321(b); 5 C.F.R. § 315.907. Employees demoted during a supervisory probationary period have no appeal right to the Board unless they allege that the agency action was based on partisan political affiliation or marital status. 5 C.F.R. § 315.908; Hardy v. Merit Sys. Prot. Bd., 13 F.3d 1571, 1573 (Fed. Cir. 1994).

Mr. Koller does not allege that his demotion was based on partisan political affiliation or marital status. Instead, Mr. Koller argues that he is entitled to appeal to the Board under 5 U.S.C. § 7513(d) because he meets the definition of an "employee" as provided in 5 U.S.C. §§ 7511(a)(1)(A)(i) or (ii). Mr. Koller argues that he satisfies subsection (i) because he was not serving a probationary period under an initial appointment at the time of the adverse action. See 5 U.S.C. § 7511(a)(1)(A)(i). In the alternative, Mr. Koller argues that he satisfies subsection (ii) because he had completed one year of current continuous service at the time of the adverse action. See 5 U.S.C. § 7511(a)(1)(A)(ii). Mr. Koller cites McCormick v. Dep't of Air Force, 307 F.3d 1339 (Fed. Cir. 2002) for the proposition that subsections (i) and (ii) are alternative methods for meeting the definition of an "employee" entitled to appeal to the Board.

It is irrelevant whether Mr. Koller satisfies the definition of an "employee" under section 7511 and McCormick because he was not subject to an appealable agency

action.  Mr. Koller's arguments with respect to sections 7511 and 7513 overlook intervening section 7512, entitled "[a]ctions covered." 5 U.S.C. § 7512.  Section 7512(C) expressly provides that the subchapter containing sections 7511 and 7513 does not apply to "the reduction in grade of a supervisor or manager who has not completed the probationary period under section 3321(a)(2) of this title if such reduction is to the grade held immediately before becoming such a supervisor or manager." 5 U.S.C. § 7512(C).  It is undisputed that the Agency reassigned Mr. Koller to the grade held immediately before becoming a supervisor.  Thus, because we find that he did not complete his one-year supervisory probationary period at the time of the reassignment, Mr. Koller was not subject to an appealable agency action.

Mr. Koller argues that he completed his supervisory probationary period based on the following facts: 1) he was serving a probationary period as a new hire under 5 C.F.R. § 315 Subpart H when the Agency promoted him to a supervisory position; 2) he concurrently served the probationary period as a new hire under Subpart H and a probationary period as a supervisor under 5 C.F.R. § 315 Subpart I; 3) he subsequently completed the probationary period as a new hire under Subpart H; and 4) 5 C.F.R. § 315.909(a) provides that where an employee concurrently serves probationary periods under Subparts H and I, completion of Subpart H fulfills the requirements of Subpart I.  Thus, according to Mr. Koller's reasoning, he completed both probationary periods on May 16, 2006, approximately four months after his promotion to the supervisory position.

Mr. Koller's reasoning, however, is based on a misunderstanding of Subpart I. Generally, "[s]ervice in a nonsupervisory or nomanagerial position is not creditable"

toward completion of the supervisory probationary period. <u>See</u> 5 C.F.R. § 315.906(b).

Section 315.909(a) modifies this general rule under one particular circumstance:

> "If an employee is required to concurrently serve both a probationary period under this subpart and a probationary period under Subpart H of this part, the latter takes precedence and completion of the probationary period for competitive appointment and [sic] fulfills the requirements of this subpart."

This section applies where the two probationary periods are entirely concurrent, i.e., where an individual's initial appointment in the competitive service is to a supervisory position. It allows agencies to terminate new supervisors, rather than demote them to non-supervisory positions they never actually held. Mr. Koller cannot invoke this section to arbitrarily shorten his supervisory probationary period merely because a portion of it overlaps with his probationary period as a new hire. Such an interpretation would deprive agencies of a full probationary period to assess the performance of first-time supervisors.

In a final argument, Mr. Koller directs the court's attention to 5 C.F.R. § 315.802(a), which limits the probationary period to one year that may not be extended. Mr. Koller argues that section 315.802(a) limits the aggregate of all career-conditional probationary periods, such that completion of a first career-conditional probationary period (e.g., for a competitive position) precludes imposition of a second career-conditional probationary period (e.g., for a supervisory position). Appling section 315.802(a), Mr. Koller concludes that both probationary periods ended on the one-year anniversary of his initial appointment to a competitive position.

Mr. Koller's reasoning, however, confuses Subparts H and I. Section 315.802(a) is contained within Subpart H, which addresses probation on initial appointment to a

competitive position. Section 315.802(a) is not contained within Subpart I, which addresses probation on initial appointment to a supervisory position. Accordingly, section 315.802(a) restricts the probationary period served by new hires, but it does not restrict the probationary period served by new supervisors. Thus, Mr. Koller cannot invoke this section to arbitrarily shorten his probationary period as a new supervisor merely because he completed a one-year probationary period as a new hire.

Under these circumstances, we find that Mr. Koller has not met his burden of proving by a preponderance of the evidence that he had completed his one-year supervisory probationary period when the Agency reassigned him to his last previously held position.

CONCLUSION

We conclude that the Board properly determined that it lacked jurisdiction over Mr. Koller's appeal because he had not completed his one-year supervisory probationary period when the Agency reassigned him to his last previously held position. The decision of the Board is therefore affirmed.

No costs.