NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3303

BARRY ECK,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Barry Eck, of Pottstown, Pennsylvania, pro se.

William P. Rayel, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Kenneth M. Dintzer, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3303

BARRY ECK,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Petition for review of the Merit Systems Protection Board in PH0752060691-I-1.

_____

DECIDED:  January 14, 2008
_____

Before GAJARSA, LINN, and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

Barry Eck ("Mr. Eck") appeals the Merit Systems Protection Board's ("Board") final order denying his petition for review regarding his removal based on a charge of unacceptable conduct. <u>Eck v. United States Postal Service</u>, No. PH-0752-06-0691-I-1 (June 22, 2007).  The Board determined that there was no new, previously unavailable, evidence and that the administrative judge ("AJ") made no error in law or regulation that

affects the outcome. Id. The AJ's opinion therefore became final. For the reasons stated herein, we affirm.

## BACKGROUND

Mr. Eck was a City Letter Carrier for the United States Postal Service ("agency"). On July 22, 2006, while delivering mail to residents of a condominium development, Mr. Eck physically assaulted an off duty Rural Letter Carrier, Doug Ward ("Mr. Ward"). He was later arrested and charged with aggravated assault. The agency found that Mr. Eck engaged in "unacceptable conduct" resulting in "severe bodily injury to a fellow employee" in violation of the agency's Employee and Labor Relations Manual, Administrative Support Manual, and Joint Statement on Violence in the Workplace. It therefore issued a notice of proposed removal on August 2, 2006 and decision of removal on August 23, 2006. Mr. Eck appealed to the Board's Regional Office, arguing that he neither initiated the altercation nor caused "severe bodily injury" to Mr. Ward, and that his actions were in self defense.

Although the facts are disputed, Mr. Eck testified to the following version of the altercation at his hearing. First, he exited his postal vehicle and taunted Mr. Ward to come closer. As Mr. Ward approached, Mr. Eck returned to his postal vehicle to secure his mail and remove his sunglasses. When the two employees were standing in front of each other, Mr. Eck pushed Mr. Ward. Then, according to Mr. Eck's testimony, Mr. Ward "threw the first punch." However, in both his handwritten statement to the local police and his interview with the postal inspector at the local police station on July 22, 2006, Mr. Eck made no such assertion. Rather, he did not recall who threw the first punch. When questioned about this inconsistency at his hearing, Mr. Eck testified that

his earlier statements were made so as not to get Mr. Ward in trouble. The AJ found this point "incredible."

The AJ also considered the testimony of an agency supervisor who spoke with Mr. Eck at the scene. According to the agency supervisor, Mr. Eck stated that he first yelled at Mr. Ward, then swung and hit him. The AJ further considered the written statement of a resident of the condominium development ("[Mr. Eck] preceded [sic] to begin a physical fight"). Ultimately, however, the AJ found that Mr. Eck's own testimony made him the initiator of the physical altercation, reasoning that "not only did [Mr. Eck] begin the verbal interaction with [Mr. Ward] on July 22, 2006, but by his own admission, [Mr. Eck] made the first physical contact with [Mr. Ward] by pushing him with his hands." The AJ also found that Mr. Eck failed to establish a claim of self defense.

As to Mr. Eck's argument that he did not cause "severe bodily injury," the AJ considered an incident investigation report issued by a police officer who was at the scene. According to the report, Mr. Eck had only a "small cut" on his hand, but Mr. Ward had a "bloody face which was red, bruised and swollen." The report also stated that Mr. Ward was airlifted to Lehigh Valley Medical Center "due to the extent of [his] head injuries." Based on the record, the AJ found sufficient evidence that Mr. Ward suffered "severe bodily injury" even though his specific injuries were not established by a preponderance of the evidence. The AJ therefore sustained the agency's charge of unacceptable conduct and its decision to remove Mr. Eck. The Board denied Mr. Eck's petition for review.

Mr. Eck filed an appeal to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. Barrett v. Soc. Sec. Admin., 309 F.3d 781, 785 (Fed. Cir. 2002). We must affirm the decision of the Board unless it is: 1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; 2) obtained without procedures required by law, rule, or regulation having been followed; or 3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); Barrett, 309 F.3d at 785.

On appeal, Mr. Eck makes a variety of arguments that effectively challenge the evidence. For example, he argues that some of the written statements are hearsay and therefore should not have been admitted. He also argues that some of the witnesses made dishonest statements or have unreliable character, and that the AJ ignored particular testimony. Mr. Eck's arguments fail for two reasons. First, it is well-settled that hearsay evidence may be used in Board proceedings. Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1364 (Fed. Cir. 1998). The admissibility of such evidence falls within the AJ's discretion. Id. Second, credibility determinations also fall within the AJ's discretion and are "virtually unreviewable" on appeal. Frey v. Dep't of Labor, 359 F.3d 1355, 1361 (Fed. Cir. 2004) (quoting King v. Dep't of Health & Human Servs., 133 F.3d 1450, 1453 (Fed. Cir. 1998)). Mr. Eck has not advanced sufficient reasons to overturn either the AJ's admissibility or credibility determinations. Further, his argument is irrelevant because the AJ ultimately found that Mr. Eck's own testimony supported the agency's charge of unacceptable conduct.

Mr. Eck also argues that the AJ failed to consider factors that weigh against the penalty of removal. To the contrary, the AJ specifically noted Mr. Eck's 20-year service

record and letters of support from former co-workers, friends, and fellow church members. While these factors weigh against removal, the AJ found that they did not outweigh those factors in favor of removal. For example, in the month before the altercation, the agency advised Mr. Eck that he could lose his job if he were involved in a confrontation with a co-worker. The AJ also considered Mr. Eck's position as an "ambassador" of the agency to the public and his role in initiating both the verbal and physical exchanges. On appeal, this court will not overturn a choice of penalty within the agency's discretion "unless the severity of the agency's action appears totally unwarranted in light of all the factors." Mings v. Dep't of Justice, 813 F.2d 384, 390 (Fed. Cir. 1987). In light of all the factors, Mr. Eck's removal was not totally unwarranted.

Under these circumstances, we find that Mr. Eck failed to advance any argument for reversing the decision of the Board.

CONCLUSION

We conclude that the decision of the Board was not arbitrary, capricious, or an abuse of discretion. The decision of the Board is therefore affirmed.

No costs.