NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KENNETH VANDERFORD,**

*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**

*Respondent*

---

2016-1018

---

Petition for review of the Merit Systems Protection Board in Nos. SF-300A-15-0006-I-1, SF-3330-14-0556-I-1.

---

Decided: August 1, 2016

---

KENNETH VANDERFORD, San Diego, CA, pro se.

ALISON VICKS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., REGINALD T. BLADES, JR.

---

Before NEWMAN, MOORE, and STOLL, *Circuit Judges.*

Newman, *Circuit Judge.*

Kenneth Vanderford appeals the decision of the Merit Systems Protection Board, denying his appeal of non-selection for a position advertised by the Department of Veterans Affairs for "preference eligible veterans only." Mr. Vanderford also appeals the MSPB's dismissal of his related employment practices claim. We *affirm* the MSPB rulings.[1]

## BACKGROUND

Mr. Vanderford is a preference-eligible veteran with a service-connected disability rated at 30% or more. On February 13, 2014 the Department of Veterans Affairs announced two WG-1 Housekeeping Aid positions with the Veterans Health Administration San Diego Healthcare System. The announcement stated that the two positions are limited to preference eligible veterans. Mr. Vanderford applied, submitting a résumé, occupational questionnaire, and proof of his status as a preference-eligible veteran.

The VA duly prepared two certificates of eligible applicants, one certificate notated as "competitive referral" and one notated as "non-competitive referral." Nine applicants, all preference-eligible veterans, appeared on each certificate, sorted alphabetically. There was some overlap between the two listings, and Mr. Vanderford's name appeared on both certificates. Mr. Vanderford was not selected. He filed a complaint with the Department of Labor (DOL), stating that his non-selection violated the Veterans Employment Opportunities Act (VEOA). The DOL, after an investigation, denied Mr. Vanderford's claim, finding that the VA used Merit Promotion Plan

---

[1]    *Vanderford v. Dep't of Veterans Affairs*, Nos. SF-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-I-1, SF-300A-15-0006-I-1, 2015 WL 4606221 (MSPB August 3, 2015).

(MPP) procedures, which are not subject to review by the Department of Labor.

Mr. Vanderford appealed to the MSPB, stating that under competitive examination procedures in accordance with the VEOA he is entitled to ten veterans preference points, and that he should have been listed at the top of the certificates. He also stated that his application was not given bona fide consideration because his nonselection was coded as "NS" (nonselected) rather than "NN" (not contacted). He also stated that the positions had been filled by non-veterans.

The MSPB found that the persons selected were preference eligible veterans, and that the positions were filled through MPP procedures for which no veterans preference points are applied. The MSPB found that Mr. Vanderford was not denied the right to compete for the positions, and that he was not selected after consideration of the qualifications of all the applicants. The MSPB explained that veterans preference points do not apply in MPP hiring, and thus do not apply in the hiring process here utilized. The MSPB held that the VA did not violate any veterans preference law in using the MPP process instead of a competitive process applying veterans preference points.

Mr. Vanderford also complained that the vacancy announcement and hiring process was an employment practice in violation of the equal opportunity requirements of 5 C.F.R. § 300.103. The MSPB held that it did not have jurisdiction over Mr. Vanderford's employment practices claim, because "an individual agency action or decision that is not a rule or practice of some kind does not qualify as an employment practice." MSPB Decision ¶ 17.

Mr. Vanderford appeals.

DISCUSSION

We review a Board decision to ascertain whether it was (1) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; (2) obtained without following the procedures required by law; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); *see Barrett v. Soc. Sec. Admin.*, 309 F .3d 781, 785 (Fed. Cir. 2002). Factual findings of the Board are sustained unless they are not supported by substantial evidence. *See Bolton v. M.S.P.B.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998).

I

Preference eligible veterans receive statutory benefits in federal employment. *See Lazaro v. Dep't of Veterans Affairs*, 666 F.3d 1316, 1318 (Fed. Cir. 2012) (discussing statutes and regulations that provide veterans preference). Veterans receive preference in both the competitive examination hiring process and the MPP hiring process.

The competitive examination process is open to the public and the hiring decision is premised on the rating and ranking of the candidates, with additional weight assigned to veteran status. 5 C.F.R. § 332.101. The agency must comply with special statutes and regulations when it evaluates a veteran for a given position. *Lazaro*, 666 F.3d at 1318. For example, in the competitive examination process, preference eligible veterans are entitled to an additional 5 points above a rating based on qualifications, and disabled veterans are entitled to an additional 10 points. 5 U.S.C. § 3309.

The MPP process is used when the position is designated to be filled by a current competitive service employee, but in accordance with 5 U.S.C. § 3304(f)(1) and 5 C.F.R. § 335.103(b)(1) preference eligible veterans have the right to be considered for positions otherwise open only to persons who are already employed in the competitive service. When applying under the MPP process, a

preference eligible veteran does not receive veterans preference points. *Joseph*, 505 F.3d at 1383-84. Instead, 5 U.S.C. § 3304(f)(1) entitles veterans to compete on the same grounds as other applicants.

The MPP procedure may also be used to fill positions restricted by regulation to preference eligible veterans, such as these Housekeeping Aid positions. *See* 5 U.S.C. § 3310; 5 C.F.R. §§ 330.401, 330.402.

Mr. Vanderford argues that the Housekeeping Aid positions were improperly filled by the MPP procedure, and that veterans preference points should have been applied. As support, Mr. Vanderford points to his numerical score indicated in the March 5, 2014 email from the agency, the notation of the referral certificates as "non-competitive" and "competitive," and the occupational questionnaire he filled out as part of the application process. Mr. Vanderford's arguments are rooted in the confusing terminology and procedures and the murkiness of the agency's presentation both below and on appeal. Given the complexity of federal hiring procedures and the baffling terminology, we address the concerns raised by Mr. Vanderford.

Under MPP procedures, we understand that questionnaires such as the one Mr. Vanderford filled out are used to assist the agency in evaluating whether an applicant possesses job-related knowledge, skills, and capabilities. This evaluation may take the form of a numeric score, but for the MPP procedure, the numeric score does not include veterans preference points. The VA states that such numeric scores are used only to create a list of the best qualified applicants to be referred to the selecting official by way of the "competitive referral" certificate. The term "competitive" does not refer to competitive examination hiring, and the numeric scores are not used to rank the referred applicants.

Some positions to be filled under the MPP procedure also permit "non-competitive referral," whereby prefer-

ence eligible veterans may be referred to the selecting official on a certificate, even if they are only minimally qualified. The VA explains that these candidates, including disabled veterans, may be referred for consideration regardless of whether they are within the best qualified category. Non-competitive referral requires that the candidate meets the minimum qualifications; listing does not mean that the candidate will be selected. It is possible for a particular candidate to be included on both the competitive and non-competitive referral lists as was Mr. Vanderford.

The Board determined that these Housekeeping Aid positions were properly filled by the MPP procedure. One of the positions was filled with a candidate from the "competitive referral" certificate. This candidate had a lower numeric score than did Mr. Vanderford. The MSPB stated that the use of scores to evaluate applicants' qualifications did not transform the MPP procedure into a competitive examination procedure, and that the MPP procedure permits the agency to consider all of an applicant's qualifications. On this reasoning, the MSPB held that an agency operating under the MPP procedure may properly hire a candidate with a lower score, without violating any requirement of veterans preference. Precedent supports this ruling, explaining that "[a]ll that [5 U.S.C. § 3304(f)(1)] entitles veterans to is 'the opportunity to compete for vacant positions' to be filled . . . ." *Joseph*, 505 F.3d at 1383.

Mr. Vanderford was listed on the competitive certificate as one of nine best qualified candidates, and he was listed on the non-competitive certificate because of his status as a disabled veteran. The selecting official declared that he considered Mr. Vanderford's qualifications but did not choose him because, in his judgment, he was not one of the two best qualified candidates on the lists. The MSPB found no error in the agency's procedures.

Mr. Vanderford argues that various procedural errors were made by the administrative judge (AJ) or the full Board. He states that the Board failed to take into account his June 18, 2014 response to the June 10, 2014 Jurisdictional Order; that the Board improperly denied his motion of October 10, 2014 to "get clarity with respect to 'which veterans' preference rights' the administrative judge was actually considering"; and improperly decided in favor of the VA after the AJ cancelled the scheduled hearing at Mr. Vanderford's request.

Waiver of a hearing does not require a favorable ruling on the merits. For the requested clarification, the AJ issued a pre-hearing order shortly after Mr. Vanderford's motions, addressing the issues to be resolved at the hearing. We discern no unfairness and no prejudice in the MSPB procedures.

The Board determined that the Housekeeping Aid positions were appropriately posted and filled by a veteran under the MPP procedure, applying 5 U.S.C. § 3310 relating to veterans preference. *See Patterson v. Dept. of the Interior*, 424 F.3d 1151, 1155 (Fed. Cir. 2005) ("Veterans' preference rights are defined by the Veterans' Preference Act of 1944 . . . codified at 5 U.S.C. §§ 2108, 3309–3320.") We discern no violation of law as implemented herein.

## II

For the employment practices appeal, Mr. Vanderford states that the AJ erred in docketing this claim as a separate appeal, instead of amending his VEOA appeal to include the employment practices claim. The AJ ruled that Mr. Vanderford could not amend his VEOA appeal to include an employment practices claim, for § 3330a(e)(2) of the VEOA provides that "a preference eligible may not pursue redress for an alleged [VEOA violation] at the same time the preference eligible pursues redress for such violation under any other law, rule or regulation." It was

therefore not error for the AJ to separately docket Mr. Vanderford's employment practices claim. We discern no prejudice by this procedure.

Although Mr. Vanderford raises several other criticisms, we do not discern violation of statute or regulation. The Board's rulings are affirmed.

Each party shall bear its costs.

**AFFIRMED**