NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**DAVID FALL,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

_____

2022-1428

_____

Petition for review of the Merit Systems Protection Board in No. DE-315H-22-0003-I-1.

_____

Decided:  June 14, 2022

_____

DAVID FALL, Littleton, CO, pro se.

CALVIN M. MORROW, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by KATHERINE MICHELLE SMITH.

_____

Before NEWMAN, STOLL, and STARK, *Circuit Judges.*

PER CURIAM.

David Fall appeals the Merit Systems Protection Board's ("Board") decision dismissing his appeal of the Department of the Treasury's ("agency") decision terminating him. We affirm.

I

On October 26, 2020, the agency appointed Mr. Fall to a career-conditional competitive service position as a Contact Representative for the Internal Revenue Service ("IRS"). The appointment was subject to completion of a one-year probationary period.

On July 30, 2021, the agency informed Mr. Fall that he needed to improve his performance to avoid an unsuitability determination and placed him on a performance action plan. On September 28, 2021, after concluding that Mr. Fall had not improved his performance sufficiently, the agency issued a notice of termination based on 5 C.F.R. § 315.804, which concerns termination of probationary employees for unsatisfactory performance or conduct. Mr. Fall's termination was effective October 1, 2021, which was during his one-year probationary period.

On October 1, 2021, Mr. Fall appealed to the Board, contending "that the procedures used in making the determination [that he be terminated] were unfair and unjust based on the circumstances and final outcome." Supplemental Appendix ("S.A.") 17. In an order, the administrative judge informed Mr. Fall that the Board may lack jurisdiction because probationers in the competitive service with less than one year of non-temporary current continuous service have limited rights to appeal. Mr. Fall did not respond to the administrative judge's order.

On November 1, 2021, the administrative judge issued her initial decision, dismissing Mr. Fall's appeal for lack of jurisdiction. On December 6, 2021, that decision became the final decision of the Board. Mr. Fall timely appealed.

We have jurisdiction under 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1)(A).

## II

On review, we must affirm the Board's decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. *See* 5 U.S.C. § 7703(c); *Barrett v. Soc. Sec. Admin.*, 309 F.3d 781, 785 (Fed. Cir. 2002). We review de novo whether the Board had jurisdiction to adjudicate a case. *See Barrett*, 309 F.3d at 785. The appellant generally bears the burden of proof by a preponderance of the evidence with respect to the Board's jurisdiction. *See* 5 C.F.R. § 1201.56(b)(2)(i)(A).

The Board's jurisdiction is limited to appeals based on a "law, rule, or regulation" that provides an employee with an appeal right. 5 U.S.C. § 7701(a); *see also Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1327 (Fed. Cir. 2006) (en banc).

Two statutory provisions and one regulation are relevant to determining if Mr. Fall has such a right. First, 5 U.S.C. § 7513(d) permits an employee to appeal a removal taken to promote the efficiency of the service. Second, 5 U.S.C. § 4303(e) permits an employee to appeal a removal based on unacceptable performance. But neither statute grants any appeal rights to removed probationary employees in the competitive service. *See* 5 U.S.C. § 4303(f)(2), 7511(a)(1)(A). Third, 5 C.F.R. § 315.806 permits a probationary employee to appeal a termination based on § 315.804 or § 315.805. Section 315.804 concerns termination of probationers for unsatisfactory performance or conduct. Section 315.805 concerns termination of probationers for conditions arising before appointment.

Regardless of whether the termination was based on § 315.804 or § 315.805, an appeal under § 315.806 is

possible only if (1) the employee alleges her termination was based on partisan political reasons or marital status or (2) the agency proposed to terminate the probationary employee for reasons based in whole or in part on conditions arising before her employment and the agency failed to follow the procedural requirements of § 315.805 (which include notice of proposed adverse action, opportunity to respond, and notice of any adverse decision).  *See* 5 C.F.R. §§ 315.806, 315.804, 315.805.

We hold that the Board properly dismissed Mr. Fall's appeal for lack of jurisdiction.  None of Mr. Fall's arguments persuade us otherwise.

First, Mr. Fall contends that the Board violated § 315.804, by failing to notify him in writing as to why he was being terminated and the effective date of termination. According to Mr. Fall, the agency instead subjected him to "various vague and confusing criticisms such as you're not 'cut out' for this job and 'you won't be around' before being plac[ing him] on an invalid and illegal performance improvement plan."  Opening Br. 4.

However, as outlined above, Mr. Fall's appeal rights are limited by § 315.806, which permits a probationary employee to appeal certain termination decisions to the Board only if the employee alleges (1) discrimination based on partisan political reasons or marital status or (2) violation of the procedural requirements of § 315.805, which concerns termination based in whole or in part on pre-appointment conditions.  There is no indication in the record of any such discrimination or termination based on any pre-appointment conditions.  As a result, the Board correctly determined that it lacked jurisdiction here.[1]

---

[1]    Moreover, if we were to address this argument on the merits, Mr. Fall's submissions to this Court indicate that the agency provided him with a letter indicating why

Second, Mr. Fall contends that he should be constructively classified as an employee and that his placement on a performance improvement plan violated § 315.804. Citing the Office of Personnel Management's ("OPM") website, Mr. Fall asserts that such plans are not appropriate for probationers because the entire probationary period is a de facto performance improvement plan. Mr. Fall contends that the performance improvement plan subjected him to an additional layer of scrutiny, which made his job more difficult and permitted management to build a stronger case for termination.

Again, Mr. Fall's arguments run afoul of § 315.806, which limits a terminated probationary employee's right to appeal to specific scenarios not present here. Mr. Fall's arguments cannot provide jurisdiction where it is otherwise lacking. *See* 5 U.S.C. § 7701(a) (requiring appealable action be based on "law, rule, or regulation").[2]

Third, Mr. Fall contends that his situation was governed by Article 40 of the National Agreement between the National Treasury Employees Union ("NTEU") and the IRS. Collective bargaining agreements, such as the

---

he was being terminated and the effective date of his termination. Document 9-5 at pp. 6-7 (Sept. 28, 2021 letter notice of decision to terminate).

[2]    Even if the Board had jurisdiction, the website at issue detracts from Mr. Fall's position. It confirms that an agency need not afford a probationary employee any opportunity to improve but that such employees "should receive closer supervision, instruction, and training as needed." *See Frequently Asked Questions: Employee Relations*, Response to *Do I Have to Give a Probationary / Trial Employee an Opportunity to Improve?*, OPM (last visited June 6, 20 22), https://www.opm.gov/faqs/topic/employeerelations/index.aspx. That is precisely what occurred here.

National Agreement, ordinarily cannot confer Board jurisdiction that is otherwise lacking. *See, e.g.*, *Smith v. Merit Sys. Prot. Bd.*, 813 F.2d 1216, 1218-19 (Fed. Cir. 1987); *see also Wilson v. Merit Sys. Prot. Bd.*, 484 F. App'x 561, 562-63 (Fed. Cir. 2012) (finding Board lacked jurisdiction under § 315.806 and rejecting appellant's reliance on NTEU collective bargaining agreement for jurisdiction).

Fourth, Mr. Fall argues that the Board improperly dismissed based on Title 5, Chapter 75 of the U.S. Code. Mr. Fall contends that the National Agreement governs his situation and provides that Title 5, Chapter 43 controls. However, as mentioned above, the result would have been the same had the Board evaluated Chapter 43. Both Chapter 75 and Chapter 43 narrowly define an "employee" to exclude a probationary employee, such that a probationary employee has no statutory right to appeal to the Board. *See* 5 U.S.C. §§ 7513(d), 7511(a)(1)(A), 4303(e), (f)(2).

We have considered Mr. Fall's remaining arguments – including those relating to non-receipt of unemployment benefits and the impact of the COVID-19 pandemic, neither of which he appears to have raised with the Board – and find they do not alter the outcome here.

## III

For the foregoing reasons, we affirm the Board's decision.

**AFFIRMED**

COSTS

No costs.