NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JIMMI TYLER REBISH,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2014-3085, 2014-3087

---

Petitions for review of the Merit Systems Protection Board in Nos. SF-1221-13-0494-W-1, SF-0752-13-0362-I-1.

---

Decided:  February 4, 2015

---

JIMMI TYLER REBISH, Meridian, Idaho, pro se.

CALVIN M. MORROW, Attorney, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent in 2014-3085. Also represented by BRYAN G. POLISUK.

KATRINA LEDERER, Attorney, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent in 2014-3087. Also represented by BRYAN G. POLISUK.

---

Before TARANTO, MAYER, and CLEVENGER, *Circuit Judges.*

PER CURIAM.

The Merit Systems Protection Board dismissed, for lack of jurisdiction, two appeals brought by Jimmi Tyler Rebish, a former employee of the Department of the Interior, Bureau of Reclamation. One of Mr. Rebish's appeals alleges a violation of the Whistleblower Protection Act, 5 U.S.C. § 2302(b); the other alleges that, though he resigned from his position, the resignation was involuntary and hence constituted a removal, which he challenges as improper. In both, he contends that the Department violated an agreement it signed to settle an earlier administrative grievance he had brought, a settlement agreement pursuant to which he had resigned. Mr. Rebish now appeals the Board's dismissals. We affirm.

## BACKGROUND

Mr. Rebish worked as a Civil Rights Program Specialist in an office of the Department in Boise, Idaho. In October 2008, he declined a reassignment to Denver, Colorado, and the Department removed him from his Boise position. He brought an administrative grievance, which was resolved by a settlement agreement with the Department, without any Board involvement. The Department agreed to provide Mr. Rebish with a neutral employment reference, R.A. 34 (Case No. 14-3087), and he agreed to resign and "not to file any EEO complaints, MSPB appeals, grievances, or court actions, . . . or any other claim he has filed or could have filed against the Agency through the date of [the agreement's] execution." R.A. 33 (Case No. 14-3087); *see* R.A. 5. Mr. Rebish was represented by counsel when he signed the agreement.

Four-and-a-half years later, a private investigator hired by Mr. Rebish contacted at least one Department employee who, in the ensuing conversation, made remarks that Mr. Rebish views as violating the neutral-reference promise in the settlement agreement. R.A. 39, 43–44 (Case No. 14-3085). Mr. Rebish then filed two appeals with the Board, both alleging breach of the settlement agreement.[1] In the first, Mr. Rebish alleged that the Department provided less-than-neutral references in reprisal for whistleblowing related to an equal employment opportunity investigation. In the second, he challenged his resignation pursuant to the settlement agreement as involuntary, citing the Department's alleged breach of the settlement agreement and also contending that the original removal (the subject of the settlement agreement) resulted from the Department's giving of preferential treatment to a female employee. The Board dismissed both appeals for lack of jurisdiction.

Mr. Rebish has timely appealed the dismissals to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9); *see also Conforto v. Merit Sys. Prot. Bd.*, 713 F.3d 1111, 1116 (Fed. Cir. 2013).

DISCUSSION

---

[1] It appears that Mr. Rebish first pursued these challenges with the Office of Special Counsel in 2012 or 2013. Mr. Rebish has not provided us—and did not provide the administrative judge or Board—with a copy of his original complaint. On October 21, 2014, Mr. Rebish filed a related suit in the Court of Federal Claims. He has asked to supplement the record here with the government's partial motion to dismiss that case. *See* Defendant's Partial Motion to Dismiss, *Rebish v. United States*, No. 14-cv-01022 (Fed. Cl. Dec. 22, 2014). We grant the request.

We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). "Whether the Board possesses jurisdiction to adjudicate a case is a question of law, which this court reviews *de novo*." *Barrett v. Soc. Sec. Admin.*, 309 F.3d 781, 785 (Fed. Cir. 2002). "When an individual appeals to the Board, he or she bears the burden of proving . . . jurisdiction by a preponderance of the evidence." *Id.* at 785.

A

Mr. Rebish's first Board appeal is an appeal under the Whistleblower Protection Act. *See* 5 U.S.C. § 1221. The Board has jurisdiction over such an appeal "if the appellant has exhausted his administrative remedies before the [Office of Special Counsel] and makes non-frivolous allegations that (1) he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)." *Yunus v. Dep't of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001) (internal quotation marks omitted). The standard for assessing whether an allegation is frivolous "is analogous to that for summary judgment." *Kahn v. Dep't of Justice*, 528 F.3d 1336, 1341 (Fed. Cir. 2008) (citation and internal quotation marks omitted). "[T]he petitioner must show the existence of a material fact issue . . . to support Board jurisdiction. Non-frivolous allegations cannot be supported by unsubstantiated speculation in a pleading submitted by petitioner." *Id.* (citation and internal quotation marks omitted).

We agree with the Board that Mr. Rebish's appeal under the Whistleblower Protection Act must be dis-

missed for lack of jurisdiction because Mr. Rebish failed to make a sufficient allegation that a disclosure he made contributed to the Department's decision to make the allegedly unfavorable employment references at issue. In particular, Mr. Rebish did not make a non-frivolous allegation "that the 'deciding official knew of the disclosure' and that the adverse action 'was initiated within a reasonable time of that disclosure.'" *Reid v. Merit Sys. Prot. Bd.*, 508 F.3d 674, 678–79 (Fed. Cir. 2007) (citing 5 U.S.C. § 1221(e)(1); *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed. Cir. 1998)). Karl Stock, one of the Department officials who made an allegedly unfavorable reference, submitted a sworn declaration that, at the time he made the reference, he was "unaware of any whistleblowing disclosures made by [Mr. Rebish]." R.A. 37 (Case No. 14-3085). Mr. Rebish, on the other hand, adduced no evidence that any of the officials that made unfavorable references knew of any protected disclosures, proffering only an indefinite statement that "[a]gency officials were and are aware of [his] protected disclosure" in an affidavit. R.A. 39 (Case No. 14-3085). Such bare, generalized assertions do not establish a genuine dispute of material fact. The Board properly dismissed Mr. Rebish's first appeal.

B

Mr. Rebish's second appeal asserts that his resignation pursuant to the settlement agreement was involuntary and hence, presumably, that it was actually a "removal" that the Board may review under 5 U.S.C. § 7512. "[A]n employee who voluntarily retires has no right to appeal to the Board." *Staats v. U.S. Postal Serv.*, 99 F.3d 1120, 1123–24 (Fed. Cir. 1996). "A decision to resign or retire is presumed to be voluntary." *Id.* at 1123. The presumption is especially difficult to overcome when resignation occurred pursuant to a settlement agreement. *See, e.g.*, *Callen v. Pennsylvania R.R. Co.*, 332 U.S. 625, 630 (1948) ("One who attacks a settlement must bear the

burden of showing that the contract he has made is taint-
ed with invalidity, either by fraud practiced upon him or
by a mutual mistake under which both parties acted.");
*Asberry v. U.S. Postal Serv.*, 692 F.2d 1378, 1380 (Fed.
Cir. 1982) ("Those who employ the judicial appellate
process to attack a settlement through which controversy
has been sent to rest bear a properly heavy burden.").

We agree with the Board that Mr. Rebish's appeal re-
garding involuntary resignation must be dismissed for
lack of jurisdiction. The Board stated that there was no
basis for challenging the validity of the settlement agree-
ment here. *Rebish v. Dep't of Interior*, No. SF-0752-13-
0362-I-1, 2014 WL 5161854, at *1 (M.S.P.B. Jan. 23,
2014). That rationale supports the conclusion that Mr.
Rebish did not make a non-frivolous allegation as to the
involuntariness of his resignation, which is necessary for
jurisdiction. He did not allege that the settlement agree-
ment was invalid or entered into involuntarily, such as by
coercion or deception; indeed, both the administrative
judge and Board found the contrary. *Rebish*, 2014 WL
5161854, at *1; R.A. 7 (Case No. 14-3087) (administrative
judge); *see* R.A. 36 (Case No. 14-3087) ("All parties have
entered into this Agreement voluntarily and with a com-
plete and thorough understanding of its terms, meaning,
and effect. Each of the undersigned is signing the Agree-
ment voluntarily and freely without coercion, having had
the opportunity to read and raise questions about its
meaning prior to signing."). Instead, Mr. Rebish made an
allegation of breach. Even if there was a breach as Mr.
Rebish claims, however, it would not imply invalidity of
the agreement or involuntariness in his resignation.
Therefore, the Board properly dismissed Mr. Rebish's
second appeal.

CONCLUSION

For the foregoing reasons, the Board's judgment is af-
firmed.

No costs.

**AFFIRMED**