NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3252

SYLVO M. JOHNSON, SR.,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Sylvo M. Johnson, Sr., of Bellevue, New England, pro se.

Meredyth D. Cohen, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With her on the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director.

Appealed from:  United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3252

SYLVO M. JOHNSON, SR.,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: December 7, 2007

_____

Before GAJARSA, DYK, Circuit Judges, and MORAN, Senior District Judge.[*]

PER CURIAM.

Sylvo M. Johnson, Sr. ("Mr. Johnson") appeals the Merit Systems Protection Board's ("Board") final order denying his petition for review. Johnson v. Office of Pers. Mgmt., No. PH-0731-06-0609-I-1 (April 6, 2007). The decision of the administrative judge ("AJ") became the final decision of the Board upon denial of review. Id. For the reasons stated herein, we affirm.

---

[*] Honorable James B. Moran, Senior District Judge of the United States District Court for the Northern District of Illinois, sitting by designation.

BACKGROUND

On October 17, 2004, Mr. Johnson was appointed to the position of Recreation Specialist with the United States Department of Justice ("DOJ"), Federal Bureau of Prisons ("BOP"). The DOJ subsequently requested that the Office of Personnel Management ("OPM") conduct a background investigation, in which OPM determined that Mr. Johnson made material, intentional false statements in his employment documents. Material, intentional false statements may be a basis for finding an individual unsuitable for employment in the competitive service. See 5 C.F.R. § 731.202(b)(3). Accordingly, on July 14, 2006, OPM directed BOP to remove Mr. Johnson from its rolls, canceled his eligibility for reinstatement, and debarred him from the competitive federal service for three years.

The allegedly false statements concerned Mr. Johnson's previous employment as a Certified Teaching Parent with the Virginia Home for Boys and Girls ("Virginia Home" or "Home"). Mr. Johnson stated that he neither resigned in lieu of termination nor left under unfavorable circumstances. However, OPM's investigation found, and it is undisputed, that Mr. Johnson left the Virginia Home amid accusations of improper conduct with a child who was not in his care. The Home found no evidence of sexual abuse, but it determined that Mr. Johnson violated its rules and regulations by transporting the child in his own personal vehicle and leaving the child unattended for 45 minutes. The executive director of the Home, Christopher Schultz, stated in an affidavit to OPM that "Johnson was verbally given an option to resign or be terminated. Johnson . . . chose to resign." Mr. Schultz gave him two hours to leave the Home.

Mr. Johnson disputed Mr. Schultz's account of his resignation. Mr. Johnson explained to OPM that he quit "before Mr. Schultz told him to leave in two hours. Thus, [he] did not resign in lieu of resignation." Mr. Johnson also argued that the phrase "left under unfavorable circumstances" was ambiguous. OPM determined that his explanations were without merit. Mr. Johnson appealed its decision to the MSPB.

The AJ sustained OPM's falsification charge and therefore affirmed its negative suitability determination. The AJ considered the six instances of allegedly false statements, three written and three oral, in view of the record and testimonial evidence. Although there was nothing particularly noteworthy about Mr. Johnson's demeanor while testifying, the AJ found that his testimony lacked credibility based on other factors. For example, she identified "several significant discrepancies" in Mr. Johnson's oral interviews with OPM. Mr. Johnson's testimony was also contradicted by that of his wife, who worked with him at the Virginia Home. Further, unlike Mr. Johnson, Mr. Schultz had no motive to lie in his affidavit. Considering these and other factors, the AJ determined that, at a minimum, Mr. Johnson left under unfavorable circumstances and failed to provide a credible explanation for the statements made in his employment documents.

Mr. Johnson filed a petition for review with the Board. The Board determined that there was no new, previously unavailable, evidence and that the administrative judge made no error in law or regulation that affects the outcome. It therefore denied his petition for review, and the AJ's decision became the final decision of the Board.

Mr. Johnson filed an appeal to this court from the Board's decision. This court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. Barrett v. Soc. Sec. Admin., 309 F.3d 781, 785 (Fed. Cir. 2002). We must affirm the decision of the Board unless it is: 1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; 2) obtained without procedures required by law, rule, or regulation having been followed; or 3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); Barrett, 309 F.3d at 785.

On appeal, Mr. Johnson urges this court to find that his explanation was more credible than that of OPM. He contends that his testimony was "consistent with his prior statements" and "not inherently improbable." He also contends that he testified "confidently, in a straightforward manner." Credibility determinations are within the AJ's discretion and are "virtually unreviewable" on appeal. Frey v. Dep't of Labor, 359 F.3d 1355, 1361 (Fed. Cir. 2004) (quoting King v. Dep't of Health & Human Servs., 133 F.3d 1450, 1453 (Fed. Cir. 1998)). Mr. Johnson has not advanced sufficient reasons to overturn the AJ's credibility determinations, particularly where the AJ specifically identified discrepancies throughout Mr. Johnson's interviews and between his and his wife's testimonies.

Mr. Johnson also argues that the Board failed to consider his and his wife's testimonies and a letter by Mr. Schultz. To the contrary, the Board "fully consider[ed]" the record, which included the AJ's discussion of both testimonies and the letter. In fact, the AJ quoted the letter at length and resolved her assumptions in favor of Mr. Johnson. Mr. Johnson offered the letter, which was purportedly signed by Mr. Schultz, to rebut Mr. Schultz's affidavit provided during the course of OPM's

investigation. Although the letter was undated and unauthenticated, the Board based its analysis on the assumption that it was authored by Mr. Schultz. Thus, the Board considered this evidence.

Finally, Mr. Johnson argues that he was denied the opportunity to confront witnesses against him in person. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. Mr. Johnson is not a criminal defendant. Further, he had the opportunity to call witnesses at his in-person hearing. Mr. Johnson requested subpoenas for ten witnesses, none of which included Mr. Schultz. Although the AJ subpoenaed three witnesses on his list, Mr. Johnson called only his wife to testify on his behalf. If he also wanted to call Mr. Schultz, then he should have requested a subpoena.

Under these circumstances, we find that Mr. Johnson failed to advance any argument for reversing the decision of the Board.

CONCLUSION

We conclude that the decision of the Board was not arbitrary, capricious, or an abuse of discretion. The decision of the Board is therefore affirmed.

No costs.