NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3016

RICHARD L. SCHUSTER,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Richard L. Schuster, of Broomfield, Colorado, pro se.

Roger A. Hipp, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director; and Kirk T. Manhardt, Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3016

RICHARD L. SCHUSTER,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in DE0731060486-I-1.

_____

DECIDED:   March 7, 2008
_____

Before MAYER and SCHALL, <u>Circuit Judges</u> and YOUNG, <u>District Judge</u>.*

PER CURIAM.

Richard L. Schuster seeks review of the final decision of the Merit Systems Protection Board, <u>Schuster v. Office of Personnel Management</u>, DE-0731-06-0486-I-1 (April 17, 2007), affirming his removal from the Internal Revenue Service ("agency"). We <u>affirm</u>.

This court's review of a board decision is limited by statute.  We must affirm such a decision unless it is arbitrary, capricious, an abuse of discretion, otherwise not in

_____

*    Honorable William G. Young, District Judge, United States District Court for the District of Massachusetts, sitting by designation.

accordance with law, obtained without required procedures, or not supported by substantial evidence. 5 U.S.C. § 7703(c); Hayes v. Department of Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984).

We conclude that substantial evidence supports the board's determination that Schuster made a material, false statement when he applied for federal employment, and was therefore properly removed from his position with the agency. When he applied for employment at the agency in 2004, Schuster checked "no" in response to a question on Standard Form 85P regarding whether he had ever left a job "under unfavorable circumstances." During a background investigation, however, it was discovered that he had resigned from a prior employer, Qwest Corporation, while being investigated for bringing a firearm to work.

The board properly determined that Schuster resigned from Qwest "under unfavorable circumstances." On December 20, 2002, Schuster came to work with a firearm. He was informed by his manager that an investigation would be conducted because possession of a firearm was prohibited by company policy. His company badge was taken away and he was placed on off-duty status and instructed to go home. Four days later, Schuster submitted his resignation.

Schuster contends that he resigned from his position at Qwest because he did not like the work environment at the company. The board correctly determined, however, that although Schuster may have had additional reasons for resigning from Qwest, the "tipping point" for his resignation was that he was under investigation for the firearm incident. The board did not find Schuster "credible in his claim that he left Qwest under favorable circumstances," and the board's credibility determinations are

accorded great weight by this court. <u>See</u> <u>Rogers v. Office of Personnel Management</u>, 87 F.3d 471, 471 (Fed. Cir. 1996).

Schuster argues that any false statements were made negligently rather than intentionally. The firearm incident, however, occurred only eighteen months prior to the time he applied for employment at the agency. Thus, as the board correctly noted, the circumstances surrounding Schuster's removal should have been "fresh in his memory" and failure to disclose them was likely intentional rather than negligent.

On appeal, Schuster contends that the board should have considered the fact that he was taking medications for injuries sustained during his military service when he submitted his employment application. He fails to establish, however, that the medications he was taking prevented him from accurately completing Standard Form 85P.

Accordingly the decision of the board is <u>affirmed</u>.