NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVID C. FREELAND,**
*Petitioner*

**v.**

**DEPARTMENT OF HOMELAND SECURITY,**
*Respondent*

---

2020-1344

---

Petition for review of the Merit Systems Protection Board in No. CH-0752-18-0077-I-2.

---

Decided: August 7, 2020

---

DAVID C. FREELAND, Belle Plaine, MN, pro se.

JIMMY MCBIRNEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by ETHAN P. DAVIS, ROBERT EDWARD KIRSCHMAN, JR., PATRICIA M. MCCARTHY.

---

Before LOURIE, O'MALLEY, and CHEN, *Circuit Judges.*

PER CURIAM.

Pro se appellant David Freeland appeals from a decision of the Merit Systems Protection Board (Board) affirming the Department of Homeland Security's (DHS or Agency) decision to remove Mr. Freeland from his position for lack of candor.  For the reasons set forth below, we *affirm*.

## BACKGROUND

Mr. Freeland formerly worked for DHS as a supervisory human resource specialist in the Recruitment and Placement Branch of a DHS Human Resources Operations Center (HROC).  Mr. Freeland was conditionally appointed to this position on September 20, 2015.  His appointment was subject to the completion of a background investigation conducted by the Office of Personnel Management (OPM).

Prior to his appointment with DHS, Mr. Freeland was a supervisory human resources specialist with the Army Civilian Human Resources Agency (ACHRA).  He resigned in May 2015, after he had been issued a proposed 14-day suspension for negligent performance of duties.  Additionally, at the time of his resignation, he was the subject of a workplace sexual harassment investigation.

After Mr. Freeland received a tentative offer from DHS, he was required to complete an employment background questionnaire for a position of public trust, known as an SF-85P.  Question 12 of the SF-85P asks:

Has any of the following happened to you in the last 7 years?

1 – Fired from a job.

2 – Quit a job after being told you'd be fired.

3 – Left a job by mutual agreement following allegations of misconduct.

4 – Left a job by mutual agreement following allegations of unsatisfactory performance.

> 5 – Left a job for other reasons under unfavorable circumstances

Appellant's First S.A. F-2.[1]  Mr. Freeland completed and signed his SF-85P form on two occasions, once on July 18, 2015, and again on September 23, 2015.  In both instances, Mr. Freeland answered "no" to Question 12, without providing any further details in the corresponding comments section.  *Id.* at F-1–F-2.

On January 26, 2016, in the course of the background investigation, an OPM investigator interviewed Mr. Freeland after obtaining additional information regarding Mr. Freeland's separation from ACHRA.  During this interview, Mr. Freeland initially denied any issues with ACHRA until being confronted by the interviewer directly that ACHRA had proposed a disciplinary action against him.  Mr. Freeland also initially denied the sexual harassment allegation until he was directly confronted by the interviewer with the allegation.  After completing the investigation, OPM issued its findings to the Agency's Office of Security and Integrity, Investigations Division (OSI).  OSI reviewed OPM's investigation, which reflected the discrepancies that OPM had uncovered in Mr. Freeland's SF-85P responses and that OPM had rated such an issue a D-issue, indicating that a significant impediment existed for obtaining background clearance.  On August 18, 2016, OSI sent its review and excerpts from the OPM background investigation to the Chief of the HROC.

On August 18, 2017, DHS issued a proposed notice of removal based on lack of candor, which was supported by

---

[1]    "Appellant's First S.A." refers to the initial appendix submitted by the Appellant, "Appellant's Second S.A." refers to the appendix attached to the Appellant's reply brief, and "Appellee's S.A." refers to the appendix attached to the Appellee's response.

three specifications.  Two of the specifications were based upon Mr. Freeland's response to Question 12 on the two SF-85P forms he completed in July and September of 2015. The third specification was based on the follow-up interview in which Mr. Freeland initially denied having any problems or issues in his prior employment with ACHRA. On September 8, 2017, Mr. Freeland provided an oral reply and written response along with supporting documentation to the deciding official.  On November 9, 2017, the deciding official issued a decision letter sustaining the charge and supporting specifications, noting that Mr. Freeland's misconduct cast significant doubt regarding his ability to uphold the Agency's mission in an honest manner.  Mr. Freeland's removal became effective November 13, 2017.

On November 20, 2017, Mr. Freeland appealed his removal.  After a hearing, on October 9, 2019, the administrative judge affirmed the DHS's decision to remove Mr. Freeland.  In sustaining the charge, the administrative judge found that the Agency had established by preponderant evidence that Mr. Freeland had engaged in the charged conduct of lack of candor—based on the totality of the circumstances, Mr. Freeland "could not reasonably have believed" the circumstances surrounding his resignation from ACHRA were not unfavorable.  The administrative judge's decision became the final decision of the Board on November 13, 2019.  Mr. Freeland timely appealed to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review is limited and requires this court to affirm a decision of the Board unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."  5 U.S.C. § 7703(c).  Substantial evidence is "relevant evidence" that "a reasonable mind might accept as adequate to support a conclusion."

*Simpson v. Office of Pers. Mgmt.*, 347 F.3d 1361, 1364 (Fed. Cir. 2003) (internal citation omitted).

The requirements for sustaining a charge for lack of candor include: (1) that the employee gave incorrect or incomplete information and (2) that he did so knowingly. *Ludlum v. Dep't of Justice*, 278 F.3d 1280, 1284 (Fed. Cir. 2002). "Lack of candor . . . is a . . . flexible concept whose contours and elements depend upon the particular context and conduct involved. It may involve a failure to disclose something that, in the circumstances, should have been disclosed in order to make the given statement accurate and complete." *Id.* In this case, substantial evidence supports the Board's lack of candor finding. Mr. Freeland makes a number of arguments regarding the Board's decision. For the reasons that follow, we do not find that any of these arguments justify reversing the Board's decision.

First, Mr. Freeland argues that the Board failed to consider the reasons that OPM decided to close Mr. Freeland's background investigation. We disagree. The Board credited uncontroverted "agency testimony that per policy, OPM referred the matter back to the agency to take further action in its discretion based on the appellant's conditional appointment and pending EEO activity." Appellant's First S.A. H-17. In the instant case, we see no reason to overturn the Board's determination.

Next, Mr. Freeland notes that he had a pending EEO case against the Department of the Army (Army) and that his SF-50 from the Army states simply that he resigned without referencing any pending discipline or investigations. The SF-50 states that he "gave no reason for resignation." Appellant's S.A. 15. "[T]he SF-50 is not a legally operative document controlling on its face an employee's status. . . ." *Grigsby v. Dept. of Commerce*, 729 F.2d 772, 775–76 (Fed. Cir. 1984). While it is true that the SF-50 does not state that Mr. Freeland resigned due to pending discipline or investigation, this lack of information does not

mean that Mr. Freeland did not resign under such unfavorable circumstances. We note that Mr. Freeland claims that he was resigning due to emotional duress and that he had secured a new position. Appellant's First S.A. E-1–E-2. This similarly does not indicate an absence of pending discipline or investigation.

Mr. Freeland also argues that he had finished his conditional period at DHS and therefore OPM's note that Mr. Freeland's appointment was conditional was in error. Mr. Freeland appears to conflate a Federal employee's probationary period with an employment subject to a background investigation. Mr. Freeland had finished his one year probationary period with DHS. 5 C.F.R. § 315.801 ("The first year of service of an employee who is given a career or career-conditional appointment under this part is a probationary period . . . ."). Because he was no longer a probationary employee, Mr. Freeland could appeal the Agency's removal decision to the Board. *See Mastriano v. F.A.A.*, F.2d 1152, 1155 (Fed. Cir. 1983) (stating that the only cognizable right of appeal by a probationary employee to the Board is limited to allegations where the Agency action resulted from discrimination based upon marital status or partisan political reasons). Although no longer a probationary employee, Mr. Freeland's employment was still subject to a background investigation. Mr. Freeland acknowledged as much during the hearing before the administrative judge. Appellee's S.A. 31–32.

Mr. Freeland argues that the Board failed to acknowledge that the Agency, in its Removal Notice, accused Mr. Freeland of intentionality. As noted in the Board's decision, a lack of candor does not require "intentionality or an intent to deceive." *Ludlum*, 278 F.3d at 1284–85 (stating that lack of candor involves "a failure to disclose something that, in the circumstances, should have been disclosed to make the statement accurate and complete"). The Board's finding that Mr. Freeland's failure to disclose the unfavorable circumstances regarding his prior

employment was enough to support the charge of lack of candor is supported by substantial evidence, regardless of any "intentionality." To the extent Mr. Freeland is arguing that the deciding official failed to analyze the first *Douglas* factor, "the nature and seriousness of the offense, and its relation to the employee's duties, position, and responsibilities, including whether the offense was intentional or technical or inadvertent, or was committed maliciously or for gain or was frequently repeated," we find the Board's determination that the deciding official did consider such a factor supported by substantial evidence.[2] *See Douglas v. Veterans Admin.*, 5 M.S.P.R. 280, 305–06 (1981). The record contains the deciding official's analysis of each *Douglas* factor and the Board heard testimony from the deciding official and credited such testimony. Appellant's First S.A. C-1, H-14.

Mr. Freeland also contends that his incorrect answer on the SF-85Ps was not done for "personal gain." [BB4-5]. However, a finding of lack of candor does not require a finding of personal gain. Additionally, although the Board states that a finding of personal gain would be a "common-sense inference," it notes that the charge was not based on a finding of personal gain. Appellant's First S.A. H-18. One of the *Douglas* factors is personal gain. To the extent Mr. Freeland is arguing the deciding official inappropriately found personal gain in deciding the penalty, we find the Board appropriately weighed the testimony from the deciding official and Mr. Freeland. We see no reason to overturn the Board's credibility determination.

Mr. Freeland contends that the Labor and Employee Relations Specialist assigned to Mr. Freeland to coordinate

---

[2]    The *Douglas* factors are used by the deciding official to determine whether the consequences of the charge proposed by the Agency are appropriate. *See Douglas*, 5 M.S.P.R. at 305–06.

questions and information interfered with and obstructed Mr. Freeland's due process rights during the reply period by impeding Mr. Freeland's ability to obtain affidavits. The Agency argues that Mr. Freeland fails to explain how having a single person coordinate information and questions prejudices him. When an agency proposes to take an adverse personnel action against one of its employees, it generally must comply with certain procedural requirements. *See* 5 U.S.C. § 7513; *Rhodes v. Merit Sys. Prot. Bd.*, 487 F.3d 1377, 1380 (Fed. Cir. 2007). Mr. Freeland fails to provide any details as to how a single point of contact impeded or hampered his ability to contest the proposed action. Therefore, we find that Mr. Freeland fails to sufficiently allege that his due process rights were violated.

Mr. Freeland further argues that the Board disregarded that he did not take his ethics training until after the dates on which he completed iterations of the SF-85P— therefore, he was not on notice that he had to be forthcoming on his SF-85P form. Contrary to Mr. Freeland's argument, the Board's decision acknowledges that this training occurred after Mr. Freeland completed the SF-85P form. Appellant's First S.A. at H-20. But the Board nonetheless reasonably found that Mr. Freeland knew he had to be truthful and complete on the SF-85P form based on his testimony. Additionally, the form itself specifically required Mr. Freeland to certify that his responses were "true, complete and correct." Therefore, we find that because Mr. Freeland acknowledged at the hearing that he was aware he had to provide truthful and complete answers and the actual form required him to certify as such, the Board's determination is supported by substantial evidence.

Mr. Freeland further contends that the Board disregarded several facts related to the background investigation: (1) the information provided by OPM was highly redacted; (2) the unsworn statements provided by Mr. Freeland's previous supervisors contained false allegations; and (3) the statements by the OPM investigator

contained false allegations. "Procedural matters relative to discovery and evidentiary issues fall within the sound discretion of the board and its officials." *Curtin v. Office of Pers. Mgmt.*, 846 F.3d 1373, 1378 (Fed. Cir. 1988). "If an abuse of discretion did occur with respect to the discovery and evidentiary rulings, in order for petitioner to prevail on these issues he must prove that the error caused him substantial harm or prejudice to his rights which could have affected the outcome of the case." *Id.* at 1379. First, Mr. Freeland has failed to sufficiently allege what redacted information would have resulted in substantial harm or prejudice. With respect to the statements by Mr. Freeland's previous supervisors and OPM that are allegedly false, we find that Mr. Freeland had multiple opportunities to argue that such statements were false; however, he failed to do so successfully. That the Board did not find such statements to be false does not mean that Mr. Freeland was substantially harmed or prejudiced or that the Board abused its discretion. Therefore, we conclude no abuse of discretion occurred in this instance.

Mr. Freeland argues that the Board disregarded additional charges brought by the Agency against Mr. Freeland—charges he had no opportunity to respond to. He specifically argues that he was charged with material falsification in addition to lack of candor. The Agency argues that Mr. Freeland was only charged with lack of candor, not falsification or some other charge. Upon review of the record, there do not appear to be any additional charges besides lack of candor. On August 7, 2017, Mr. Freeland received a letter from DHS informing him of the proposal of removal based on a single charge, "lack of candor." Appellant's First S.A. F-1. This single charge was reiterated in a letter to Mr. Freeland from DHS on November 9, 2017. *Id.* at S.A. C-1. We therefore find that Mr. Freeland was only charged with a single charge—lack of candor—and had an opportunity to respond to this single charge.

Next, Mr. Freeland argues that the Board erred in determining that his testimony lacked credibility. Along a similar vein, Mr. Freeland argues that the Board failed to acknowledge that the deciding official was impeached throughout the hearing. Both of these arguments concern the Board's crediting of witness testimony. As discussed *supra*, the standard for overturning the Board's credibility determinations is very high. *Hanratty*, 819 F.2d at 288. In this case we find that Mr. Freeland's attacks on the Board's credibility findings fall well short of satisfying that standard.

Additionally, Mr. Freeland argues that the Board used the incorrect law and lists a number of cases the Board should have used in its decision. With respect to the majority of the cases cited, the cases are not relevant because, as we stated above, Mr. Freeland was charged only with lack of candor and not falsification. Mr. Freeland indicates that the Board did not consider *Douglas*; however, a review of the Board's decision indicates that the Board analyzed whether the deciding official appropriately considered the *Douglas* factors. Appellant's First S.A. H-13; *see also Douglas*, 5 M.S.P.R. at 305–06. The final case, *Payton v. Dep't of Veterans Affairs*, is distinguishable from our case because in *Payton* the Board found a due process violation because the deciding official relied on aggravating factors not present in the proposed notice of removal. Dkt. No. AT-0752-14-0055-I-1 (MSPB Jan. 29, 2015). Mr. Freeland does not appear to be alleging the existence of such a due process violation. We also find that the proposed notice of removal in the instant case put Mr. Freeland on notice of potential aggravating factors. For example, the proposed notice of removal states "you were aware that the prior Proposed Discipline and sexual harassment investigation [], would interfere with your recruitment and placement into the supervisory position that you currently hold. Appellant's First S.A. F-5.

Finally, Mr. Freeland argues that the Board failed to account for factual differences between case law on which it relied and his case. We disagree. The Board's conclusion here is consistent with both *Schuster v. Office of Pers. Mgmt.*, 268 F. App'x 972 (Fed. Cir. 2008), and *Johnson v. Office of Pers. Mgmt.*, 257 F. App'x 314 (Fed. Cir. 2007). In *Schuster*, we found that substantial evidence supported the Board's determination that the employee, Mr. Shuster, made a material, false statement on his SF-85P when applying for federal employment and was subsequently removed from his position with the agency. *Schuster*, 268 F. App'x at 974. When applying to the agency, Mr. Schuster denied having ever left a job under unfavorable circumstances, when in fact, he had resigned from a prior employer while being investigated for bringing a firearm to work. *Id.* Similarly, in *Johnson*, Mr. Johnson stated that with respect to his previous employment that he neither resigned in lieu of termination nor left under unfavorable circumstances. *Johnson*, 257 F. App'x at 315. However, an investigation found that Mr. Johnson had left amid accusations of improper conduct. *Id.* We upheld the Board's decision affirming Mr. Johnson's removal and debarment from competitive federal service for three years. *Id.* Both of these cases stand for the proposition that removal is appropriate if an employee is not forthcoming on background paperwork and provide helpful data points with respect to Mr. Freeland's case.

## CONCLUSION

We have considered Mr. Freeland's remaining arguments and find them unpersuasive. Accordingly, the final judgment of the Veterans Court is

## **AFFIRMED**

### COSTS

No costs.